## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

| | | |
|---|---|---|
| **Rogelio Garcia Valdez** | ) | |
| *on behalf of himself and others* | ) | Jury Trial Demanded |
| *similarly situated*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.: 22-cv-2276 |
| **Signature Landscape, LLC** | ) | |
| (Kansas Limited Liabilty Corporation) | ) | |
| | ) | |
| Defendant. | ) | |

_____

### COMPLAINT

**Collective Action under the Fair Labor Standards Act & Rule 23 Class Action Under Kansas Wage Payment Act and Missouri Minimum Wage Law**

**COMES NOW**, the Plaintiff, Rogelio Garcia Valdez, and on behalf of himself and all others similarly situated brings this action against Defendant Signature Landscape, LLC for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); the Kansas Wage Payment Act ("KWPA"), Kan. Stat. § 44-313 *et seq.*; and the Missouri Minimum Wage Law ("MMWL"), Mo.Rev.Stat. § 290.500 *et seq.* Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons working as laborers for Defendant who are not being paid time and one-half their regular rate of pay for all hours worked during a workweek. Plaintiff's KWPA and MMWL claims are asserted as class action under Fed.R.Civ.P. 23 on behalf of all similarly situated persons working as laborers for Defendant who are not being paid wages due at one and one-half their regular rate of pay for all hours worked over forty during a workweek for work performed in the states of Kansas and Missouri. The following allegations are based on

personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts and experiences of others similarly situated.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, in that this action is being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2.      This Court also has supplemental jurisdiction over Plaintiff's state law statutory claims under 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

3.      Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391 because Defendant operates a place of business in both Olathe and Kansas City, Kansas, does business in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

4.      Defendant Signature Landscape, LLC ("Signature") operates its headquarters in Olathe, Johnson County, Kansas and also has a place of business in Kansas City, Wyondotte County, Kansas.  It is a Kansas limited liability corporation registered to do businees, and in good standing, in the state of Kansas.  Defendant's registered agent is The Corporation Company, Inc., 112 SW 7th Street Suite 3C, Topeka, KS 66603.

5.      Defendant is engaged in interstate commerce by, among other things, selling and providing landscaping design and services throughout Kansas and Missouri.

6.      Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

2

7.      Signature is, and has been, an "employer" of Plaintiff, and others similarly situated, that is engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.      Signature is, and has been, an "employer" of Plaintiff, and others similarly situated, within the meaning of the KWPA, Kan. Stat. § 44-313(a).

9.      Defendant is, and has been, an "employer" withing the meaning of MMWL, Mo.Rev.Stat. § 290.500(4).

10.     Plaintiff Rogelio Garcia Valdez is an adult U.S. resident of Kansas who currently resides in Olathe, Johnson County Kansas.  Plaintiff currently works for Signature as a landscape laborer and at locations throughout Eastern Kansas and Western Missouri and has worked for Signature since approximately February of 2019.  Numerous other Landscape Laborers worked and currently work for Defendant in both Kansas and Missouri.

11.     Plaintiff and others similarly situated are current or former "employees" of Signature within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

12.     Plaintiff, and others similarly situated working in Kansas for Defendant, are current or former "employees" of Signature within the meaning of the KWPA 44-313(b).

13.     Plaintiff, and others similarly situated working in Missouri for Defendant, are "employees" of Signature within the meaning of the MMWL, Mo.Rev.Stat. § 290.500(3) and

14.     Plaintiff and others similarly situated have been employed by Signature within two to three years prior to the filing of this lawsuit.  *See* 29 U.S.C. § 255(a).

15.     Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

16.     Plaintiff, and other similarly situated landscape laborers worked as employees of Signature with manual job duties in both Missouri and Kansas, including but not limited to: irrigation digging and installation; dirt movement; loading and hauling landscape materials; planting and removing plants, flowers, trees, etc.; building retaining walls and other landscape construction; maintaining and trimming landscaped plants; and snow removal.   Hereafter referred to as "Landscape Laborers."

17.     Signature is a company that provides landscape and irrigation design, construction, and maintenance for homes and businesses.

18.     As a Landscape Laborer, Plaintiff and others similarly situated had or have the job duties entitling them to overtime pay under the FLSA, KWPA, and MMWL.

19.     Signature classified its Landscape Laborers such as Plaintiff and others similarly situated as exempt employees who are not eligible for overtime pay under the FLSA, KWPA, or MMWL.  Regardless, the Plaintiff's, and others similarly situated, job duties entitled them to overtime pay under the FLSA, KWPA and MMWL.

20.     Plaintiff and other similarly situated Landscape Laborers are all subject to Signature's similar pay policy that violates the FLSA, KWPA and MMWL by routinely working in excess of forty hours per workweek during their employment with Signature without receiving overtime compensation.  In particular, Signature failed to pay Plaintiff and other similarly situated Landscape Laborers one and one-half his hourly rate of pay for hours worked in excess of forty per workweek during the tenure of his employment for worked performed in Kansas and Missouri.

4

21.     In interacting with numerous other Landscape Laborers, the Plaintiff has reason to believe the violations described in ¶ 20 applies to many other employees of Signature as well.

**COUNT I**
**FLSA COLLECTIVE ACTION**

22.     Plaintiff, on behalf of himself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

23.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

24.     Plaintiff files this action on behalf of himself and all others similarly situated pursuant to Section 216(b) of the FLSA.  The proposed collective class for the FLSA claims is defined as follows:

> All Landscape Laborers (or persons with similar job duties) who worked, or will work during the liability period, for Defendant at any time from three years prior to the filing of this Complaint who was not paid one and one-half their regular rate of pay for all hours worked in excess of forty per workweek (hereafter the "FLSA Collective").

25.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to section 16 of the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Plaintiff because the claims of Plaintiff are similar to the claims of the FLSA Collective.

26.     By the filing of this Complaint, the Plaintiff hereby consents in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).

27.     During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked in violation of the FLSA.

28.     Plaintiff and the FLSA Collective are similarly situated in that they all have job duties entitling them to overtime pay, are all subject to Defendant's same corporate policies and procedures governing their job duties, all routinely work(ed) in excess of forty hours per workweek and are all subject to the same exemption pay policy of not paying any overtime compensation for hours worked in excess of forty per workweek.

29.     Defendant is liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for overtime equal to one and one-half their regular rate of pay for all hours worked in excess of forty per workweek.

30.     Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

31.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

32.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages.   Plaintiff and the FLSA Collective under § 216(b) of the FLSA are entitled to liquidated damages and attorney's fees and costs incurred in connection with enforcing this claim.

33.     The Plaintiff and the FLSA Collective have suffered from Defendant's common policies and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

### **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and others similarly situated, pray for relief as follows:

a)     Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b)     Judgment against Defendant finding it failed to properly pay Plaintiff and those similarly situated overtime at the correct overtime rate of pay as required under the FLSA;

c)     Judgment against Defendant for Plaintiff and those similarly situated for damages for unpaid overtime pay;

d)     An amount equal to their damages as liquidated damages;

e)     A finding that Defendant's violations of the FLSA are willful;

f)     All costs and attorneys' fees incurred prosecuting this claim;

g)     An award of prejudgment interest (to the extent liquidated damages are not awarded);

h)     Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i)     Leave to amend to add additional state law claims; and

j)     All further relief as the Court deems just and equitable.

**COUNT II**
**RULE 23 CLASS UNDER KWPA FOR OVERTIME OWED**

34.     Plaintiff, on behalf of himself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

35.     The KWPA requires an employer such as Signature to pay employees such as Plaintiff, and others similarly situated, the earned wages owed on each of the employer's designated pay periods.  Kan. Stat. § 44-314(a).  Overtime wages at one and one-half an employee's regular rate of pay as required under the FLSA become due on each of Signature's pay periods.

36.     Plaintiff brings his overtime wage claim pursuant to the KWPA, Kan. Stat. § 44-313 *et seq.* as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class:

> All Landscape Laborers (or persons with similar job duties) who worked, or will work during the liability period, in the state of Kansas, for Defendant at any time from three years prior to the filing of this Complaint who was not paid one and one-half their regular rate of pay for all hours worked in excess of forty per workweek (hereafter the "Kansas Overtime Class").

37.     Defendant violated the KWPA by failing to compensate Plaintiff and the Kansas Overtime Class the overtime rate of pay earned and owed under the FLSA of one and one-half times their regular pay rate for hours worked in excess of forty per workweek for each and every applicable pay period.

38.     Class action treatment of Plaintiff's KWPA claim is appropriate because, as alleged in paragraphs 39 through 42 *infra*, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

39.     The Kansas Overtime Class includes over fifty individuals and, as such, is so numerous that joinder of all class members is impracticable.

40.     Plaintiff is a member of the Kansas Overtime Class, and his KWPA claim is typical of the claims of other Kansas Overtime Class members.  For example, Plaintiff and the Kansas Overtime Class members share an identical legal and financial interest in obtaining a judicial finding that Defendant violated the KWPA when it failed to pay them at the proper overtime rate of pay required under the FLSA for hours worked over 40 per workweek. Plaintiff has no interests that are antagonistic to or in conflict with the Kansas Overtime Class's interest in obtaining such a judicial finding.

41.     Plaintiff will fairly and adequately represent the interests of the Kansas Overtime Class, and he has retained competent and experienced counsel who will effectively represent the interests of the Kansas Overtime Class.

42.     Questions of law and fact are common to the class.  The Plaintiff and the Kansas Overtime Class have been subjected to the common business practices described in paragraphs 18 through 20 and 40, *supra*, and the success of their claims depends on the resolution of common questions of law and fact.  Common questions of fact include whether the Defendant paid the proper overtime rate of pay for hours worked in excess of forty per work week and whether the Plaintiff and the Kansas Overtime Class worked in excess of forty hours per work week.  Common questions of law include, *inter alia*, whether Defendant's decision to not pay Plaintiff and the Kansas Overtime Class one and one-half their regular rate of pay for hours worked in excess of forty per workweek violated the FLSA.

43.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Kansas Overtime Class members

would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Kansas Overtime Class members.

44.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 42 *supra*, predominate over any questions affecting only individual Kansas Overtime Class members.  In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

45.     The foregoing conduct, as alleged, constitutes a willful violation of the KWPA as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.  In turn, under KWPA Kan. Stat. § 44-315(b), Plaintiff and the Kansas Overtime Class are also entitled to liquidated damages set forth in this statute.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Kansas Overtime Class, seek the following relief:

a)      Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Kansas Overtime Class and issuance of notice to said members apprising them of the pendency of this action;

b)      Designation of Rogelio Garcia Valdez as Representative Plaintiff of the Kansas Class;

c)      Designation of Brendan J. Donelon of the law office of Donelon, P.C. and Ashley H. Atwell-Soler of the law office of Holman Schiavone, LLC as the attorneys representing the Kansas Overtime Class;

d)      A declaratory judgment that the practices complained of herein are unlawful under the KWPA;

e)      An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f)      An award of damages for wages due the Plaintiff and Kansas Overtime Class, including liquidated damages allowed under the KWPA to be paid by Defendant;

g)      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h)      Pre-Judgment and Post-Judgment interest, as provided by law; and

i)      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

**COUNT III**
**RULE 23 CLASS UNDER MMWL FOR OVERTIME OWED**

46.      Plaintiff, on behalf of himself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

47.      The MMWL requires an employer such as Defendant to pay employees such as Plaintiff, and others similarly situated, one and one-half times their regular rate of pay. Mo.Rev.Stat. § 290.505.1.

48.      Plaintiff brings his overtime wage claim pursuant to the MMWL as a class action under Federal Rule of Civil Procedure 23, on behalf of the following class:

All Landscape Laborers (or persons with similar job duties) who worked, or will work during the liability period, in the state of Missouri, for Defendant at any time from three years prior to the filing of this Complaint who was not paid one and one-half their regular rate of pay for all hours worked in excess of forty per workweek (hereafter the "Missouri Overtime Class").

11

49.     Defendant violated the MMWL by failing to compensate Plaintiff and the Missouri Overtime Class overtime wages due at each pay period for all overtime hours worked as required under the FLSA.

50.     Class action treatment of Plaintiff's MMWL claim is appropriate because, as alleged in paragraphs 51 through 56 *infra*, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

51.     The Missouri Overtime Class includes over fifty individuals and, as such, is so numerous that joinder of all class members is impracticable.

52.     Plaintiff is a member of the Missouri Overtime Class, and his MMWL claim is typical of the claims of other Missouri Overtime Class members.  For example, Plaintiff and the Missouri Overtime Class members share an identical legal and financial interest in obtaining a judicial finding that Defendant violated the MMWL when it failed to pay them at the proper overtime rate of pay required under the MMWL for hours worked over 40 per workweek.  Plaintiff has no interests that are antagonistic to or in conflict with the Missouri Overtime Class's interest in obtaining such a judicial finding.

53.     Plaintiff will fairly and adequately represent the interests of the Missouri Overtime Class, and he has retained competent and experienced counsel who will effectively represent the interests of the Missouri Overtime Class.

54.     Questions of law and fact are common to the class.  The Plaintiff and the Missouri Overtime Class have been subjected to the common business practices described in paragraphs 18 through 20, *supra*, and the success of their claims depends on the resolution of common questions of law and fact.  Common questions of fact include whether the Defendant paid the proper overtime rate of pay for hours worked in excess of forty per work week and

whether the Plaintiff and the Missouri Overtime Class worked in excess of forty hours per work week.  Common questions of law include, *inter alia*, whether Defendant's decision to not pay Plaintiff and the Missouri Overtime Class one and one-half their regular rate of pay for hours worked in excess of forty per workweek violated the MMWL.

55.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Missouri Overtime Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Missouri Overtime Class members.

56.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 54, *supra*, predominate over any questions affecting only individual Missouri Overtime Class members.  In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

57.     Under the MMWL, Mo.Rev.Stat. § 290.527, Plaintiff and the Missouri Overtime Class are also entitled to their costs and reasonable attorneys' fees and liquidated damages.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Missouri Overtime Class, seek the following relief:

j)      Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Missouri Overtime Class and issuance of notice to said members apprising them of the pendency of this action;

k)    Designation of Rogelio Garcia Valdez as Representative Plaintiff of the Missouri Class;

l)    Designation of Brendan J. Donelon of the law office of Donelon, P.C. and Ashley H. Atwell-Soler of the law office of Holman Schiavone, LLC as the attorneys representing the Missouri Overtime Class;

m)    A declaratory judgment that the practices complained of herein are unlawful under the MMWL;

n)    An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

o)    An award of damages for wages due the Plaintiff and Missouri Overtime Class, including liquidated damages allowed under the MMWL to be paid by Defendant;

p)    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

q)    Pre-Judgment and Post-Judgment interest, as provided by law; and

r)    Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY

The Plaintiff in the above captioned matter hereby demands a jury for all claims set forth herein.

## Location of Trial

The Plaintiff hereby states that the location of the trial in this matter should be Kansas City, Kansas.

Respectfully Submitted,

*/s/ Brendan J. Donelon*

Brendan J. Donelon, KS 17420
**Donelon, P.C.**
4600 Madison, Ste. 810
Kansas City, Missouri 64112
Tel:     (816) 221-7100
Fax:     (816) 709-1044
brendan@donelonpc.com

and

Ashley Atwell-Soler, KS 24047
**Holman Schiavone, LLC**
4600 Madison Ave., Suite 810
Kansas City, MO 64112
Tel: (816) 285-1224
AAtwell@hslawllc.com

**ATTORNEYS FOR PLAINTIFF
ROGELIO GARCIA VALDEZ**