**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ROGELIO GARCIA VALDEZ and | ) | |
| MARBELLA GOMEZ *on behalf of* | ) | |
| *themselves and others similarly situated*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 2:22-cv-2276-TC-ADM |
| | ) | |
| SIGNATURE LANDSCAPE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM & ORDER**</u>

Plaintiffs Rogelio Garcia Valdez and Marbella Gomez bring this putative class and collective action under the Fair Labor Standards Act ("FLSA") alleging that their employer, Signature Landscape, LLC ("Signature"), willfully failed to pay them overtime compensation. This matter is now before the court on plaintiffs' Motion to Compel Discovery.  (ECF 60.)  By way of the motion, plaintiffs ask the court to order Signature to produce documents reflecting Signature's representations about job positions available to those with H-2B work visas. Signature asserts that the documents are not relevant to claims in this case unless and until the court certifies a class of plaintiffs that includes H-2B workers.   For the reasons explained below, the court disagrees with Signature and finds the information sought relevant to plaintiffs' current claims.   Accordingly, the motion is granted.

## I.    BACKGROUND

Plaintiffs are current (Valdez) and former (Gomez) landscape laborers who allege that Signature failed to pay them overtime compensation when they worked more than 40 hours in a workweek.   According to plaintiffs, Signature's policy and practice was to pay its landscape laborers a straight-time hourly rate, without paying a time-and-one-half rate for overtime hours, as

required by the FLSA, 29 U.S.C. § 207.   (ECF 1, at 1.)   Signature acknowledges that it did not

pay plaintiffs overtime, but asserts it acted properly because plaintiffs worked in positions that fall

under the FLSA's Motor Carrier Act Exemption, 29 U.S.C. § 213(b)(1) ("MCA exemption").

(ECF 10, at 21; ECF 25, at 2.)

On February 10, 2023, plaintiffs served Signature with their first set of document requests.

(ECF 60-2.)   Signature objected to producing documents responsive to Requests for Production

("RFP") 10, 11, and 12—all of which relate to Signature's employment of non-US workers who

have been granted H-2B visas.   *See* 8 U.S.C. § 1101(a)(15)(H)(ii)(b) (defining an H–2B worker

as a nonimmigrant alien who has "a residence in a foreign country which he has no intention of

abandoning who is coming temporarily to the United States to perform ... temporary

[nonagricultural] service or labor").   On May 4, the court convened a discovery conference, at the

parties' request, to discuss whether Signature must produce H-2B-related documents.   (ECF 58.)

The court gave the parties guidance as to the potential relevance of the requested documents and

encouraged the parties to continue the meet-and-confer process to narrow the scope of RFPs 10-

12.   (*Id*.)

After the parties' further discussions, plaintiffs narrowed the RFPs.   As narrowed,

plaintiffs now seek:

- RFP 10: All H-2B Applications for Temporary Employment Certification documents, including all related attachments and appendices, that Signature submitted from 2018 to the present;

- RFP 11: All posters or notices on display at Signature's worksites setting forth the rights of H-2B workers, whether in English or in Spanish, from July 18, 2019 to the present; and

- RFP 12: All recruitment notices or job announcements for H-2B workers posted on the internet by or on behalf of Signature from 2018 to the present.

Signature continues to object to these RFPs on relevance grounds, arguing that unless and until the court certifies a class that includes H-2B workers, the information sought is premature. (ECF 61, at 2, 3.) Plaintiffs respond that these RFP's seek information that is relevant to the claims of *both* U.S. and H-2B workers; in other words, to their current claims. (ECF 60, at 9.)

## II.    LEGAL STANDARDS

Parties may conduct "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Here, the parties disagree about whether H-2B documents sought are "relevant to any party's claim or defense." At the discovery stage, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment to Rule 26); *see also Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (analyzing the 2015 amendment and concluding that it did not change the scope of discovery but clarified it, and therefore *Oppenheimer* still applies).

## III.    ANALYSIS

Plaintiffs have met their low burden of demonstrating the current relevance of information sought in RFPs 10-12. Specifically, the RFPs seek information that could support plaintiffs' position that their job duties do not place them within the MCA exemption.

Under the MCA, an employee is exempt from the FLSA's overtime provisions if he "engage(s) in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce." 29 C.F.R. § 782.2(a). As a general rule, if the employee's job duties are "such that

3

he is (or, in the case of a member of a group of drivers, driver's helpers, loaders, or mechanics employed by a common carrier and engaged in safety-affecting occupations, that he is likely to be) called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities . . . he comes within the exemption." *Id.* § 782.2(b)(3).   But where an employee's safety-affecting activities are de minimis, the exemption does not apply.   *Id.*   In determining whether an employee falls within the exemption, "what is controlling is the character of the activities involved in the performance of his job," not the job title.   *Id.* § 782.2(b)(2).   Thus, the exemption inquiry is "intensely fact bound and case specific."   *Deherrera v. Decker Truck Line, Inc*., 820 F.3d 1147, 1154 (10th Cir. 2016) (internal citations and quotations omitted).

The parties disagree over the nature of plaintiffs' job duties and whether they are such that plaintiffs were called upon in the ordinary course of work to perform safety-affecting activities. Signature represents that it places its landscape employees into one of four positions: "Crew Members, Crew Leads, Drivers, and Driver-leads," and that Valdez is a Driver and Gomez was a Crew Member.   (ECF 25, at 3-4; ECF 61, at 2.)   Signature states that, in both positions, plaintiffs "loaded and unloaded goods and materials from vehicles weighing in excess of 10,000 pounds and which goods and materials were transported safely, in part because of Plaintiffs' fulfilment of their job duties, on public highways and across state lines" and that plaintiffs' job duties "also included properly securing goods and materials for inter-state transport on said vehicles [and] the inspection of said vehicles to ensure that they were in safe operating condition."   (ECF 10, at 5.)   Valdez asserts that his primary job duties involve "manual labor duties, such as constructing retaining walls, laying rock, planting trees, installing grass, making fences, patios, and decks, cutting trees, and constructing drainage systems."   (ECF 33, at 7 (citing ECF 33-1, Valdez Depo. at 86:8 to 87:6).)   And Gomez characterizes her primary job duties as "manual labor landscaping duties,

4

such as laying mulch, trimming branches, picking up trash, spraying weeds, laying stone, rock and gravel, preparing flower beds, installing grass, and making fences."  (ECF 33, at 7 (citing ECF 33-2, Gomez Depo. at 84:2 to 85:19).)   Because the picture of the duties plaintiffs actually performed is muddled, any information that could clarify this "intensely fact bound" question is highly relevant.

RFP 10: H-2B Applications

As revised, RFP 10 seeks Signature's Applications for H-2B Temporary Employment Certification ("Applications") submitted to the Department of Labor ("DOL") from 2018 to the present.   Plaintiffs assert that the Applications are relevant because they contain information pertaining to "the landscape laborers' job duties, hours worked, and overtime rates and eligibility." (ECF 60, at 7.)   The court agrees.

First, the DOL form application includes space for employers, here Signature, to disclose the job duties applicable to the positions the employer seeks to fill.   (ECF 60-6, at 3 (requiring a "Description of the specific services or labor to be performed").)   Signature does not dispute that it applied to fill positions falling under plaintiffs' job titles.

Second, the application requires employers to list the "specific skills" and "requirements of the job," and to make a "statement of temporary need." (*Id.* at 1, 3.)   Again, there is a reasonable possibility that, in response, Signature discussed the job duties of "Drivers" and "Crew Members," i.e., employees in plaintiffs' positions.

Third, the application mandates disclosure of on-the-job training that the employer will provide "to perform the duties assigned;" and Signature's answer to this question could further speak to plaintiffs' job duties.   (*Id.* at 4.)

5

Finally, the application requires employers to state whether they would pay overtime compensation.   (*Id.*)   If Signature represented that it would pay overtime compensation to H-2B workers performing job duties that mirror plaintiffs' job duties, then such information would suggest Signature did not properly deem plaintiffs subject to the MCA exemption.   Indeed, in submitting its Applications, Signature was required to certify that it would not "offer terms, wages, and working conditions to U.S. workers that are less favorable than those offered … to H-2B workers."   (ECF 60-7, at 1 (citing 20 U.S.C. § 655.18).)   Plaintiffs state that "Disclosure Data" available on the DOL website indicates that for fiscal year 2022, Signature was awarded 20 H-2B visas for "Landscaping and Groundskeeping Workers," and that these workers were assigned both a standard and overtime pay rate.   (ECF 60, at 8 n.2.)

For all of these reasons, the court disagrees with Signature's position that the job descriptions in the Applications for H-2B workers do "not make it more or less likely" that plaintiffs were called on to perform duties that exempted them from overtime compensation. (ECF 61, at 5.)   If, for example, H-2B workers hired as Crew Members were not required to help load trucks that traveled across state lines, then it is more likely that Gomez, in the same position, did not help load trucks during her employment with Signature.   Accordingly, the Applications are relevant to plaintiffs' claims for overtime pay and Signature's defense to the same.

<u>RFP 11: Posters Stating Rights of H-2B Workers</u>

As revised, RFP 11 seeks posters or notices displayed at Signature's worksites from July 18, 2019 to the present that set out the rights of H-2B workers.   Plaintiffs argue such posters and notices are relevant for largely the same reasons as the Applications: they may include information about job duties and overtime wages.   Because, as noted above, 20 U.S.C. § 655.18 prohibits Signature from offering preferential wages or working conditions to H-2B workers, such

information necessarily also would apply to U.S. workers like plaintiffs. Plaintiffs have demonstrated the potential relevance to their claims of the information sought.   Although Signature has argued that a particular poster available on the DOL's website does not bear on the claims or defenses in this case (ECF 61, at 7-8), RFP 11 is not specific to the poster discussed.

RFP 12: Recruitment Notices and Job Announcements for H-2B Workers

As revised, RFP 12 seeks all recruitment notices or job announcements for H-2B workers that Signature posted on the internet from 2018 to the present.   Plaintiffs assert the information in such notices and announcements also provides information about the job duties and wages applicable to Signature's employees—H-2B workers and U.S. workers alike.   For the reasons discussed above, such information is relevant to the questions of the job duties plaintiffs performed and whether Signature misclassified plaintiffs as exempt under the MCA.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Compel Discovery (ECF 60) is granted.   Signature must produce documents responsive to RFPs 10-12 by **August 11, 2023**.

Dated July 26, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

7