IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ROGELIO GARCIA VALDEZ and MARBELLA GOMEZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SIGNATURE LANDSCAPE, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 22-2276-TC-ADM<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

Plaintiffs Rogelio Garcia Valdez and Marbella Gomez ("plaintiffs"), on behalf of themselves and others similarly situated, bring this putative class and collective action under the Fair Labor Standards Act ("FLSA") alleging that their employer, Signature Landscape, LLC ("Signature"), willfully failed to pay them overtime compensation. This matter is now before the court on plaintiffs' Motion for Leave to File Second Amended Complaint. (ECF 184.) By way of the motion, plaintiffs ask the court for leave to file a second amended complaint that adds two individual defendants—William Gordon ("Gordon") and Michael Mitchell ("Mitchell")—whom plaintiffs assert are "employers" under the FLSA and state law. For the reasons discussed below, plaintiffs' motion to amend is denied for failure to demonstrate good cause to extend the November 30, 2022, deadline to amend the pleadings. Plaintiffs have been on notice of Gordon and Mitchell's potential status as "employers" under the FLSA since October 31, 2022. Since then, the parties and the court have spent more than two years engaging in discovery, motions practice, the process of conditionally certifying the FLSA collective, the subsequent notice-and-opt-in period, settlement discussions and mediation, and serial extensions to the scheduling order. Only recently did plaintiffs finally pursue the discovery that they contend justifies the late addition of

1

these individuals as defendants. This does not demonstrate diligence in seeking to add these defendants. And adding them at this belated procedural juncture—on the eve of the close of discovery, the pretrial conference, and motions practice deadlines—would derail what has already turned into a protracted case schedule.

I.     BACKGROUND

The court begins with the fact that this case will soon be three years old—a fact that is germane because it reflects all that has already transpired to bring this case to its current advanced stage. Plaintiff Rogelio Garcia Valdez filed this lawsuit on July 18, 2022, on behalf of himself and others similarly situated. (ECF 1.) On August 19, he filed an amended complaint adding Marbella Gomez as a named plaintiff. (ECF 9.) Plaintiffs are current and former landscape laborers who allege that Signature failed to pay them overtime compensation when they worked more than 40 hours in a workweek. According to plaintiffs, Signature's policy and practice was to pay its landscape laborers a straight-time hourly rate, without paying a time-and-one-half rate for overtime hours, as required by the FLSA, 29 U.S.C. § 207. (ECF 1, at 1.) Signature acknowledges that it did not pay plaintiffs overtime, but asserts it acted properly because plaintiffs worked in positions that fall under the FLSA's Motor Carrier Act Exemption, 29 U.S.C. § 213(b)(1) ("MCA exemption"). (ECF 10, at 21; ECF 25, at 2.)

On September 26, 2022, the court issued an Initial Order Regarding Scheduling and Planning. (ECF 16.) According to the deadline for the parties' Rule 26(f) conference set forth in the initial order, discovery opened no later than October 11. (*Id.*)

Meanwhile, on September 27, plaintiffs filed a motion for conditional certification under § 216(b). (ECF 17.) On October 7, Signature noticed the two named plaintiffs' depositions for October 21 and 27. (ECF 21, 22.) On October 31, Signature filed its response to plaintiffs'

motion for conditional certification, to which it attached as an exhibit a report by the U.S. Department of Labor Wage and Hour Division ("DOL") dated December 13, 2021, containing the DOL's conclusions that Signature had not committed any FLSA violations, as well as an "FLSA Narrative" that disclosed the DOL's understanding of Gordon and Mitchell's roles with Signature. (ECF 199, at 4-5.) The report identified Gordon as Founder and 100% sole owner of Signature, and identified Mitchell as its Regional President. (*Id*. at 4.) It stated that, "By definition Bill Gordon, Mike Mitchell, [and 3 others] **are the 3(d) employers**." (*Id.* (emphasis added); *see also* ECF 25-2, at 6.)

On November 1, the court conducted a scheduling conference and entered a Phase I Scheduling Order. That scheduling order set only a few operative deadlines: the parties were (1) to serve their Rule 26(a)(1) disclosures and related document productions by November 2; (2) to submit their proposed protective order by November 11; and (3) to file "[a]ny motion for leave to join additional parties or to otherwise amend the pleadings by **November 30, 2022**." (ECF 27 (bold in original).)

While plaintiffs' motion for conditional certification was pending, Signature filed a motion for partial summary judgment on January 24, 2023. (ECF 37, 38.) Plaintiffs responded by filing a motion pursuant to Federal Rule of Civil Procedure 56(d) asking the court to deny the motion without prejudice or to defer ruling on Signature's motion in order to allow time for plaintiffs to conduct the necessary discovery. (ECF 44, 45.) Signature also moved for an order staying the court's determination of plaintiffs' motion to certify the collective action, urging the court to decide summary judgment before deciding whether to conditionally certify the collective. (ECF 46.) On March 3, the court denied all of these motions, including denying Signature's motion for

partial summary judgment without prejudice to filing a single summary judgment motion at a later time. (ECF 51.)

Meanwhile, the parties served written discovery in February, March, April, and May of 2023. (ECF 43, 52, 53.) By June, plaintiffs filed a motion to compel some of the documents they had requested, which the court granted. (ECF 60, 63.)

On December 1, 2023, the district judge granted plaintiffs' motion to conditionally certify a collective action. (ECF 68.) On January 12, 2024, the court issued an order approving the collective action notice and consent form. (ECF 72.) The parties asked the court to delay further scheduling until May in order to allow adequate time for the notice-and-opt-in period. (ECF 75, 76, 112, 113.) Meanwhile, dozens of party plaintiffs filed opt-in notices. (*See* ECF 184, at 2 (stating that 160 landscape laborers have joined the FLSA collective action).)

On June 4, 2024, the court held a scheduling conference and entered a Phase II Scheduling Order. (ECF 124-125.) Among other things, that schedule set ADR deadlines in July and August; expert disclosure deadlines in October; a deadline in November for plaintiffs' motion for Rule 23 class certification; a discovery completion deadline of February 7, 2025; a deadline for any motion to decertify the collective by March 7; the proposed pretrial order and pretrial conference on March 14 and 27, respectively; a May 2 deadline for dispositive motions and motions challenging the admissibility of expert testimony; and a trial date of February 3, 2026. (ECF 125, at 2.) That scheduling order was short lived, as the parties filed a series of motions extending various ADR deadlines, and the court ultimately granted their request for a stay pending the outcome of mediation, which was at that time scheduled for October 30, 2024. (ECF 133.) At the time the court granted the stay, it cautioned the parties that, if the case did not settle, the court would likely reset the remaining case-management deadlines approximately 60 days from

their then-current date.  (*Id.*)  After mediation, the parties motioned the court to continue the stay because they were engaged in ongoing settlement negotiations, which the court granted.  (ECF 135-138.)  The parties finally reported on November 23 that negotiations had broken down and that "the mediation was unsuccessful."  (ECF 139.)

On December 5, 2024, the court issued an Amended Phase II Scheduling Order that set the following deadlines: discovery completion by April 8, 2025; motions for Rule 23 class certification and to decertify the conditionally certified FLSA class by May 6; submission of the pretrial order by May 13; the pretrial conference on May 27; potentially dispositive motions and motions challenging admissibility of expert testimony on July 1; and trial on June 9, 2026.  (ECF 142.)  From late November 2024 through early April 2025, the parties served multiple sets of written discovery requests and responses.  (*See* ECF 140, 143-148, 154-156, 173-175, 178, 182-183, 188-190, 193-194, 203, 211.)  Likewise, deposition discovery began in earnest in January 2025 and is scheduled to end on April 11.  (ECF 150-153, 157-160, 164-172, 176, 187, 208-210.)

Plaintiffs did not notice a single deposition until February 24, 2025, when they filed a notice to take the deposition of Signature's 30(b)(6) corporate representative.  (ECF 176.)  Plaintiffs deposed that corporate representative, Signature's HR Manager Jose Vasquez, on March 6, 2025.  (*Id*.)  During the 30(b)(6) deposition, Vasquez confirmed that Signature's owner and former President William Gordon and current President Michael Mitchell are among the five persons who "owned and operated and are on site overseeing the day-to-day operations of the business" and are "persons responsible for deciding whether or not landscape laborers are exempt from overtime pay under the Motor Carriers' Act."  (ECF 184, at 3; ECF 184-2, Vasquez Dep. at 134:2-135:1.)  According to plaintiffs, this testimony is what prompted them to file the current motion seeking to amend the complaint to add Gordon and Mitchell as defendants.

5

## II.     ANALYSIS

The deadline for motions to amend the pleadings was November 30, 2022. (ECF 27, at 5.) Where, as here, the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under Fed. R. Civ. P. 16(b)(4), and (2) satisfy the standards for amendment under Fed. R. Civ. P 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *Id.*

"Rule 16(b)(4) is arguably more stringent than Rule 15[.]" *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018). It provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures*, 911 F.3d at 1020. Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Id.* If a moving party fails to demonstrate good cause, the court may deny the motion on this basis alone. *See Gorsuch*, 771 F.3d at 1242 (declining to consider Rule 15(a) when there was not good cause under Rule 16(b)); *see also Husky Ventures*, 911 F.3d at 1019 (affirming district court's denial of a motion to amend for lack of good cause).

Plaintiffs argue they acted diligently in moving to amend upon learning relevant facts in discovery. Plaintiffs assert that they could not have complied with the November 30, 2022, deadline for motions to amend because it was not until the 30(b)(6) deposition on March 6, 2025, that plaintiffs "learned for the first time of Mr. Gordon's and Mr. Mitchell's role in applying the

6

MCA overtime exemption to the class." (ECF 184, at 4.) Signature counters that plaintiffs did not learn new facts during the 30(b)(6) deposition that might justify a delay, and plaintiffs could have met the November 30, 2022 amendment deadline with diligent efforts.

Here, the court is unable to find that plaintiffs have demonstrated good cause for their belated motion to amend. Plaintiffs were on notice that Mitchell and Gordon might be liable as "employers" for the FLSA violations as early as October 31, 2022. The DOL report and FLSA Narrative that Signature filed on that date identified Gordon as "Founder" and "100% Sole owner" and Mitchell as "Regional President." More importantly, the document stated:

> Signature Landscape, LLC is owned and operated by the names listed above and are on site overseeing the day to day operations of the business. Hiring and firing, drafting policies and procedures, and financial decisions are made by the Gentlemen listed above. **By definition, Bill Gordon, Mike Mitchell** [and the other three gentlemen] **are the 3(d) employers.**

(ECF 199, at 4 (emphasis added); *see also* ECF 25-2, at 6 (emphasis added).) The court even drew attention to the DOL report in its December 1, 2023 order granting plaintiffs' motion to conditionally certify a collective action, specifically noting the DOL's report finding that the MCA exemption applies to Signature's Crew Members but criticizing Signature because "there is no argument for what that means in the current motion." (ECF 68, at 6 n.1.)

Plaintiffs' reply argues the DOL's investigation and findings are not binding, and the DOL report only addressed employees who drive vehicles over 10,000 pounds, so it would not apply to non-driving landscape laborers. Thus, plaintiffs contend that the Rule 30(b)(6) deposition on March 6 was "the only way" to discover these individuals' roles. (ECF 184, at 2, 4.) The court is unpersuaded by this argument for two reasons. For one, the portion of the deposition plaintiffs rely on to justify the belated amendment consisted largely of nothing more than questions to the effect that the DOL report said what it said:

7

> Q: There's a list of people on this particular Exhibit 36, five individuals. Again, this document is dated in 2021. It lists Bill Gordon as the founder. I think we have seen William Gordon. The same person, correct?
> A: Yes.
> Q: Mike Mitchell we have talked about before. . . .
> . . . .
> Q: The paragraph below where the names are listed it says Signature Landscape is owned and operated by the names listed above and are on site overseeing the day-to-day operations of the business.
> Do you see that?
> A: Yes.
> Q: Would you agree with that statement, that those five persons owned and operated and are on site overseeing the day-to-day operations of the business.
> A: Yes.
> Q: The next sentence states hiring and firing, drafting policies and procedures, and financial decisions are made by the gentlemen listed above. Would you agree with that statement?
> A: Yes.
> Q: Regarding policies and procedures, would you agree that those individuals are the persons responsible for deciding whether or not landscape laborers are exempt from overtime pay under the Motor Carrier Act?
> A: Yes, but they also, you know, seek legal counsel.

(ECF 184-2, at 8, Vasquez Dep. at 133:7- 135:1.)

But more to the point, plaintiffs could have elicited this deposition testimony long, long ago. Signature produced this document on October 31, 2022, putting plaintiffs on notice of Mitchell and Gordon's potential status as "employers" under 3(d) of the FLSA. The court rejects plaintiffs' contention that discovery "effectively began" on December 5, 2024, so there was no opportunity to take Signature's 30(b)(6) deposition sooner. (ECF 200, at 2.) That plaintiffs waited to take the deposition on March 6, 2025, and then moved to amend shortly after the deposition, does not mean they were diligent. Discovery in this case has been open since October of 2022. At best, plaintiffs may have been entitled to a modest extension of the scheduling order deadline if they had been diligent in pursuing discovery in the aftermath of the DOL report that

Signature disclosed on October 31. But they certainly have not met their burden to demonstrate that they were diligent in pursuing this discovery during the nearly two-and-a-half-year delay. The delay was egregious and, ultimately, the deposition testimony accomplished little more than to confirm what the document already said. *See, e.g.*, *Acosta v. Holland Acquisitions, Inc.*, No. 15-1094, 2018 WL 2230895, at *5-9 (W.D. Pa. May 16, 2018) (finding the DOL had not met its burden to modify amendment deadline where it failed to move to add defendant that the DOL "knew full-well" was "the man behind the alleged violations curtain" until 26 months after filing complaint).

Lastly, the court wishes to emphasize that allowing the amendment at this late stage would derail the case schedule. If the court were to allow the amendment, Gordon and Mitchell would be entitled to a full and fair opportunity to defend against plaintiffs' claims against them. This would involve time and an opportunity for plaintiffs to effectuate service of the summons and complaint on them, allowing them to sort out the issue of whether they also wish to be represented by Signature's counsel of record or to retain separate counsel, to plead or otherwise respond to the complaint, and to reopen discovery should they wish to do so—not to mention considering whether and how their belated addition impacts collective and class certification issues. All of this would result in a months-long delay of the schedule, including the trial date, in a case that already has been plagued by serial delays and will be more than three years old by the current trial date. All of this could have been avoided if plaintiffs had acted with diligence in following up on the DOL report that Signature filed in the record on October 31, 2022. For all of these reasons, the court finds that plaintiffs have not demonstrated good-cause for such a lengthy extension of the deadline to amend the pleadings.[1]

---

[1] Because plaintiffs have not met their burden under Fed. R. Civ. P. 16(b)(4), the court declines

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Leave to File Second Amended Complaint (ECF 184) is denied.

Dated April 9, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

---

to consider plaintiffs' motion under the Rule 15(a) standard for leave to amend. *See Gorsuch*, 771 F.3d at 1242 (declining to consider Rule 15(a) when there was not good cause under Rule 16(b)); *see also Husky Ventures*, 911 F.3d at 1019 (affirming district court's denial of a motion to amend for lack of good cause).