**In the United States District Court
for the District of Kansas**

———————

Case No. 22-cv-2276-TC

———————

ROGELIO GARCIA VALDEZ, ET AL.,

*Plaintiffs*

v.

SIGNATURE LANDSCAPE, LLC,

*Defendant*

———————

**ORDER**

On April 28, 2026, a Memorandum and Order certified a class under Fed. R. Civ. P. 23(b)(3) on the plaintiffs' Missouri Minimum Wage Law claim, appointed Rogelio Valdez as class representative, appointed Brendan Donelon and Ashley Atwell-Soler as class counsel under Rule 23(g), and directed the parties to meet and confer and submit a proposed class notice plan under Rule 23(c)(2)(B) within twenty-one days. Doc. 246. Among other things, the Memorandum and Order set the class period at "three years prior to the filing of Doc. 217." *Id.* at 47.

The plaintiffs filed a motion to reconsider. Doc. 255. In particular, they seek leave to file, outside the fourteen-day window in Local Rule 7.3, a motion to reconsider the temporal scope of the Rule 23(b)(3) class certified in the April 28, 2026 Memorandum and Order. *Id.* Signature opposes that request. *Id.*

There are at least two issues implicated by the plaintiffs' motion. One is the timing of the request. D. Kan. R. 7.3(b) generally requires a motion to reconsider a non-dispositive order to be filed within fourteen days. The plaintiffs filed their motion more than four weeks after the Memorandum and Order, a period well outside that window. While courts retain discretion to revisit non-final judgments, the plaintiffs' filing did not address whether the late filing should be accepted in the

1

first place. *See generally* Fed. R. Civ. P. 6(b)(1)(B) (requiring a showing of "excusable neglect").

The other issue concerns the substance of the class period. The pleadings have identified at least three trigger dates for class membership. Two appear tied to the date of the Complaint or Amended Complaint. Doc. 1 at ¶ 48 (defining the period as three years prior to filing of "this Complaint," which was filed on July 18, 2022); Doc. 9 at ¶ 50 (defining the period as three years prior to filing "this Complaint," which was filed on August 19, 2022). The third, which was used (perhaps erroneously) in the Memorandum and Order, was tied to the date the Motion to Certify was filed. Doc. 246 at 47 (construing "three years from this filing" to mean May 20, 2025). The parties have not briefed which trigger date is correct under Missouri law.

The plaintiffs' motion to reconsider suggests tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), is appropriate. Doc. 255 at 2. But it is not clear that *American Pipe* tolling applies here. The only Tenth Circuit authority the plaintiffs identify, *McClelland v. Deluxe Financial Services, Inc.*, 431 F. App'x 718 (10th Cir. 2011), is an unpublished decision in which the court declined to extend *American Pipe* from its traditional individual-claim-tolling context to a new procedural posture, namely, combining class tolling with Fed. R. Civ. P. 15(c) relation back of an amended complaint to an earlier class complaint in a separate, dismissed case. *McClelland,* 431 F. App'x at 720-22. Moreover, the Supreme Court has characterized the *American Pipe* rule as equitable rather than statutory. *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 509 (2017). That characterization suggests state—not federal—tolling principles may apply to a state-law claim asserted in federal court. *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1228 (10th Cir. 2008) (looking to Colorado state law to decide whether *American Pipe* tolling applied). And if state tolling principles control, it is not entirely clear that Missouri courts would apply *American Pipe* to the plaintiffs' claim. *See Rohwing v. Nestle Holdings, Inc.*, 437 S.W.3d 180, 184 (Mo. 2014) (en banc) ("[A] statute of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature and the courts are not empowered to extend those exceptions."); *Thomas v. U.S. Bank N.A., ND*, 789 F.3d 900, 903 (8th Cir. 2015) (suggesting that *Rohwing* may bar application of *American Pipe*)

Given these issues, the parties are directed to file supplemental briefing addressing the following issues:

1.  Whether plaintiffs' untimely motion can be considered.

2.  What is the trigger date for the class of employees pursuing a claim under the Missouri Minimum Wage Law.

The plaintiffs shall file their supplemental brief, not to exceed twenty pages, within twenty-one days of this Order. Signature shall file a response, not to exceed twenty pages, within fourteen days of the plaintiffs' brief. Replies shall not exceed seven pages and shall be filed within seven days of the response.

The in-person hearing currently scheduled for June 23, 2026, Doc. 254, is temporarily suspended. The parties shall contact Chambers after the aforementioned briefs have been filed to discuss a hearing at which these issues can be resolved.

IT IS SO ORDERED.

Date: June 2, 2026                 _s/ Toby Crouse_____
                                   Toby Crouse
                                   United States District Judge

3