FILED
United States Court of Appeals
Tenth Circuit

June 15, 2026

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

SIGNATURE LANDSCAPE, LLC,

     Petitioner,

v.

ROGELIO GARCIA VALDEZ, on behalf
of himself and others similarly situated,
et al.,

     Respondents.

No. 26-600
(D.C. No. 2:22-CV-02276-TC)
(D. Kan.)

_____

ORDER

_____

Before **HOLMES**, Chief Judge, **MATHESON**, and **ROSSMAN**, Circuit Judges.

_____

This matter is before the court on Signature Landscape, LLC's petition for leave to appeal from the district court's order granting class certification under Federal Rule of Civil Procedure 23(f). *See* Fed. R. App. P. 5(a); Fed. R. Civ. P. 23(f). Respondents filed an answer in opposition. Additionally, Signature filed a motion for leave to file a proffered reply that Respondents oppose.

Under Fed. R. Civ. P. 23(f), "[a] court of appeals *may* permit an appeal from an order of a district court granting or denying class-action certification . . . ." Fed. R. Civ. P. 23(f) (emphasis added). This discretion is "'unfettered' and 'akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari.'" *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) (quoting Fed. R. Civ. P. 23(f) advisory committee's note). "[T]he grant of a petition for interlocutory review constitutes the exception rather than the rule." *Id.*

*Vallario* described three situations in which interlocutory review of a class certification order may be appropriate: (1) "death knell" situations, "in which a questionable class certification order is likely to force either a plaintiff or a defendant to resolve the case based on considerations independent of the merits," (2) situations in which a class certification order involves "an unresolved issue of law relating to class actions that is likely to evade end-of-case review, and, . . . [that issue is] significant to the case at hand, as well as to class actions generally," and (3) situations in which the class certification order is "manifestly erroneous." *Id.* at 1263.

Signature here argues primarily that the district court's certification order is "manifestly erroneous" and creates a death knell pressure to settle.

After careful consideration of the parties' filings and the applicable law, the court:

A.    Grants Signature's motion for leave to file a reply;

B.    Directs its Clerk to accept the proffered reply as filed as of the date on which it was received;

C.    Concludes that the petition does not adequately establish any grounds for permissive, interlocutory review at this stage of the district court proceedings; and

D.    Denies Signature's petition for interlocutory review.

Entered for the Court

Per Curiam

2