## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

ROGELIO GARCIA VALDEZ and
MARBELLA GOMEZ, *on behalf of
themselves and others similarly situated,*

Plaintiffs,

v.

SIGNATURE LANDSCAPE, LLC,

Defendant.

Case No. 2:22-cv-2276-TC-ADM

### DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING CLASS PERIOD

Pursuant to the Court's June 2, 2026 order (Doc. 256), Defendant Signature Landscape, LLC ("Signature") responds to Plaintiffs' Supplemental Brief (Doc. 260) addressing Plaintiffs' late challenge to the temporal scope of the class period defined in the Court's April 28, 2026 Order. (Doc. 248) ("Order"). Plaintiffs asked the Court to enlarge the certified class after missing the reconsideration deadline. (Doc. 255.) That request fails twice. First, Rule 6(b) requires excusable neglect and Plaintiffs admit they simply missed the operative language in the Court's Order. Second, D. Kan. Rule 7.3 requires clear error or manifest injustice, and as the Court already noted (Doc. 256), Missouri tolling law does not clearly require Plaintiffs' preferred complaint-date rule.

Despite Plaintiffs' earlier argument that *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) "requires" tolling and that the Order "contradicts" that opinion (Doc. 255 at 2), Plaintiffs now concede that *American Pipe* does not require the Court to redefine the temporal scope of the class. (Doc. 260 at 5.) Instead, Plaintiffs argue that Missouri law provides for some version of *American Pipe* to apply here. *Id.* at 13. They are incorrect. Plaintiffs have failed to show "clear error" pursuant to D. Kan. Rule 7.3 because Missouri law does not require tolling of a Missouri class claim upon the filing of a class complaint or require a class period to run from the date a

complaint is filed. An unsettled question is the opposite of clear error. Plaintiffs also fail to show "manifest injustice" pursuant to D. Kan. Rule 7.3 because the equities justify leaving the Order's temporal definition as is, particularly where putative class members were notified of this litigation, expressly told they remained free to file their own lawsuits, and at least one did so. The Court should not revise the temporal scope of the class.[1]

## RELEVANT PROCEDURAL BACKGROUND

On July 18, 2022, Plaintiff Valdez filed this action against Signature alleging he was entitled to unpaid overtime under three different laws: the Fair Labor Standards Act ("FLSA"), Kansas Wage Payment Act ("KWPA") and Missouri Minimum Wage Law ("MMWL"). (Doc. 1.) He asserted the state law claims on behalf of purported Rule 23 classes. *Id.* On August 19, 2022, Valdez amended his Complaint to add Marbella Gomez as named plaintiff. (Doc. 9.) Plaintiffs never sought any form of tolling.

The Court conditionally certified an FLSA collective on December 1, 2023. (Doc. 68.) Class members were notified of this suit in early 2024 through a court-approved notice of the certification and opportunity to join the FLSA collective. (Doc. 72 (January 12, 2024 Order approving FLSA notice); Doc. 71-1 (Proposed FLSA notice).) The notice informed them as follows: "If you choose not to join in this lawsuit, you are free to obtain your own counsel and file your own lawsuit." (Doc. 71-1.) Discovery concluded on April 8, 2025. (Doc. 211.)

Plaintiffs filed their motion for Rule 23 class certification on May 20, 2025. (Doc. 217.) In that motion, they pursued only a claim pursuant to the MMWL. *Id.* Signature opposed the motion on June 10, 2025. (Doc. 224.)[2] On February 10, 2026, the Court scheduled this case for trial in

---

[1] Signature reserves all rights of appeal as to other aspects of the Order.
[2] Plaintiffs argue Signature did not object to the temporal scope of the class in its opposition. (Doc. 260 at 3: "Signature never opposed the Plaintiffs' tolling position…"; at 4, motion "asked for three

June 2026. (Doc. 237 at 1.) On April 28, 2026, the Court certified a Rule 23 class, setting the temporal scope as three years before Plaintiffs filed their class motion. (Doc. 248 at 47.)[3] Plaintiffs' motion for reconsideration was due within 14 days of the Order, by May 12, 2026. D. Kan. R. 7.3(b). Plaintiffs never filed a motion to amend the class definition.

On May 4, 2026, in response to a joint submission by the parties, the Court removed the case from the June 9, 2026 trial docket, suspended all remaining pretrial obligations and deadlines and set a new deadline of June 2, 2026 for the parties to jointly file a revised case schedule including a new trial date. (Doc. 252.)

Signature filed a petition for appeal with the Tenth Circuit on May 12, 2026. (Doc. 253.) Plaintiffs opposed that petition on May 22, 2026, arguing that the Court's Order was "supported by solid analysis and rationale." (10th Cir. Doc. 12 at 5.)[4] On May 27, 2026, twenty-nine (29) days after the Court's Order, Plaintiffs filed their Motion to Extend Time to File Motion for Reconsideration. (Doc. 255.) On June 2, 2026, the Court ordered the parties to submit this supplemental briefing, noting "it is not entirely clear that Missouri courts would apply *American Pipe* to the plaintiffs' claim." (Doc. 256 at 2.) The same day, the parties sought relief from the requirement to submit a proposed case schedule that day, explaining that the required schedule "will include dates for the provision of a class list, the notice period and class discovery, all of which will be impacted by the scope of the class." (Doc. 257 at 2.) The Court approved the request on June 5,

---

years from the filing of the Complaint without Defendant's objection."). That is incorrect. Signature opposed the class motion outright and thus objected to Plaintiffs' definition in its entirety, properly directing its available briefing to issues that, in its view, should defeat *any* class.

[3] The Court also denied Signature's motion to decertify the FLSA conditional collective and denied the parties' cross motions for summary judgment. (Doc. 248.)

[4] The Tenth Circuit denied Signature's petition on June 15, 2026, concluding the record did not justify an appeal of the Court's class certification order at this stage. (Doc. 259.)

2026, explaining a new deadline will be set "by separate order" after the ruling on the supplemental briefing, and terminated Plaintiffs' Motion to Extend Time. (Doc. 258.)

## ARGUMENT

### I.        The Court Should Decline to Reopen the Order

There is no dispute that Plaintiffs' motion was late pursuant to D. Kan. Rule 7.3. Consequently, Plaintiffs bear the burden to establish both "excusable neglect" pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure for their failure to timely file a motion for reconsideration *and* to establish the need for reconsideration pursuant to D. Kan. Rule 7.3. *See In re Four Seasons Sec. L. Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974) (party seeking extension of time pursuant to Fed. R. Civ. P. 6 must show both "good faith" and "that there was a reasonable basis for not complying within the specified period"); *see also Cotracom Commodity Trading Co. v. Seaboard Corp.*, 193 F.R.D. 696, 697, 701 (D. Kan. 2000) (denying motion for reconsideration, noting party moving for reconsideration pursuant to D. Kan. R. 7.3 bears burden). Because Plaintiffs cannot establish the requirements of either of those rules, and certainly not both of them, the Court should decline to reconsider the Order.

### A.        Plaintiffs Have Not Established Excusable Neglect

Plaintiffs have not established excusable neglect for their failure to timely file a motion for reconsideration because extending the class period would prejudice Signature and Plaintiffs have not provided an adequate explanation for their delay. *See Palzer v. CoxCom*, LLC, 833 F. App'x 192, 196 (10th Cir. 2020) (affirming order striking late opposition to motion for summary judgment because late-filing party provided no basis to establish excusable neglect); *see also Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (noting district court did not abuse discretion in denying late filing of answer where counsel neglected to calendar deadline). The

"determination whether a party has shown excusable neglect warranting an out-of-time extension is 'an equitable one' based on 'all relevant circumstances,' including: (1) 'the danger of prejudice to the [opposing party]'; (2) 'the length of the delay and its potential impact on judicial proceedings;' (3) 'the reason for the delay, including whether it was within the reasonable control of the movant;' and (4) 'whether the movant acted in good faith.'" *Palzer*, 833 F. App'x at 196 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Perez*, 847 F.3d at 1253 (quoting *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)); *Babakr v. Fowles*, No. 23-3026, 2024 WL 1479693, at *5 (10th Cir. Apr. 5, 2024), *cert. denied*, 145 S. Ct. 771, 220 L. Ed. 2d 273 (2024) (affirming order denying motion to file late where court considered "most important" factor: reason for delay).

### i.      Extending the Class Period Would Prejudice Signature

The equities justify leaving the Order's temporal definition as is. *Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) (affirming denial of extension of time to file amended complaint in part because defendants would suffer prejudice from delaying resolution of case). The Court's Order at Doc. 248 appears[5] to have defined the class in a way Plaintiffs did not propose:[6] all employees who worked hours over 40 in Missouri in any work week during the relevant period, regardless of whether they worked the first 40 hours in Kansas or Missouri.

---

[5] Signature believes the Court's Order at Doc. 248 reasonably may be interpreted to define the class as including *either*: (1) all employees who worked more than 40 hours in any work week during the relevant period and also worked in Missouri in any work week during the relevant period; *or* (2) all employees who worked hours over 40 in Missouri in any work week during the relevant period (regardless of whether they worked the first 40 hours in Kansas or Missouri). Based on a conferral, Signature understands Plaintiffs interpret the Court's Order as defining the class in accordance with option 2.

[6] Plaintiffs sought a class defined as: "All Landscape Laborers (or persons with similar job duties) who worked, or will work during the liability period, in the state of Missouri, for Defendant at any

Because the Court defined the class in a way Plaintiffs did not ask for, Signature did not have the opportunity to oppose the Court's definition in this Court. The Court crafted its own definition of the substantive scope of the class. The Court tempered that unexpected result by also crafting a temporal scope that Plaintiffs had not requested. The Court was consistent in its inventive construction of the class definition, both in substance and in temporal scope. To now revise just one of those two anomalies, based on a belated reconsideration motion, is prejudicial.

The prejudice to Signature includes its expense in briefing this issue and the delay of the trial. *See Lopez v. Cantex Health Care Ctrs. II, LLC*, No. 1:22-cv-00822-KWR-JMR, 2023 WL 2206558, at *2 (D.N.M. Feb. 24, 2023), *aff'd*, No. 23-2038, 2023 WL 7321637 (10th Cir. Nov. 7, 2023) (denying motion for extension because delay "has prejudiced Plaintiffs by delaying the resolution of their case, increasing their costs by having to not only fully brief the motions to remand, but also the motions for extension of time to respond."); *see also LoganTree LP v. Garmin Int'l, Inc.*, 339 F.R.D. 171, 180 (D. Kan. 2021) (denying motion to file motion to compel in part due to prejudice, explaining that allowing the "untimely motion would only prolong briefing, run up costs, and delay final resolution of this dispute"); *McPhaul v. Coll. Hills Opco, LLC*, No. 24-1143-JWB-BGS, 2025 WL 2229971, at *6 (D. Kan. Aug. 5, 2025) (citing Fed. R. Civ. P. 1) (denying motion to amend scheduling order, noting prejudice to defendant included deprivation of "just, speedy, and inexpensive determination"). This matter was originally scheduled for trial in June 2026. (Doc. 237 at 1.) That date has been postponed indefinitely, first because of the time for the Court to rule on the parties' cross motions on class/collective action and summary judgment (Doc. 248) and now due to Plaintiffs' raising this issue. As to Signature's expenses incurred in

---

time from three years prior to the filing of this Complaint who were not paid one and one-half their regular rate of pay for all hours worked in excess of forty per workweek." (Doc. 217 at 1.)

briefing this issue, those expenses have been extensive[7] because this is a novel, complex issue and Missouri appears to be an outlier with respect to its tolling principles, discussed below. The first factor resolves in Signature's favor.

### ii.    Length of the Delay and Potential Impact on Judicial Proceedings

The length of delay the Court must consider is not just Plaintiffs' 15-day delay but rather the overall impact on the case, including "time spent briefing the motions for extension of time." *Lopez*, 2023 WL 2206558, at *2 (denying motion for extension); *see also LoganTree LP*, 339 F.R.D. at 180 (D. Kan. 2021) (denying motion to file motion to compel just *one day* late, explaining "even this minimal delay caused a domino effect that has derailed the case schedule.") Plaintiffs' delay in seeking reconsideration has thrown the case off course in a way that prejudices Signature. *Id.*. It should not go without notice that Signature acted promptly to pursue its petition for permission to take immediate, Rule 23(f) appeal from this Court's Order, with which it respectfully disagrees on the whole. Signature did not seek this Court's stay of proceedings, opting instead to work collaboratively with Plaintiffs to negotiate the substance of class notice, among other things, assuming that the Tenth Circuit might decline the permission Signature sought. Yet Plaintiffs— despite negotiating that notice—which directly implicated the class definition now in dispute— did not seek this Court's reconsideration until 15 days after Signature filed its petition. This Court might also observe that this distracting, expensive, and burdensome detour is the consequence of Plaintiffs' assumption that *American Pipe* governs Missouri law class actions. (Doc. 255 at 2, arguing the Order "contradicts" the Supreme Court's holding in *American Pipe* and that "Supreme Court precedent *requires* the MMWL's three-year statute to be tolled as of the filing" (emphasis

---

[7] Signature will submit an affidavit of its defense costs associated with this issue if helpful to the Court.

added).) Indeed, Plaintiffs misrepresented to this Court in their motion for permission to file their belated reconsideration motion that the Court erred because it failed to adhere to *American Pipe*— something that this Court recognized in short order was not accurate. (Doc. 256 at 2.) Whether merely a careless oversight or a decision to not research the law on which they relied, their twofold mistake—(1) missing their deadline and (2) missing the law—has cost Signature money and burden and this Court time and distraction. The second factor also weighs in Signature's favor.

### iii.        Reason for the Delay

The reason-for-delay factor resolves this issue entirely. Plaintiffs' explanation for the delay falls within the category of inadvertence or poor lawyering, which is not sufficient for excusable neglect. *Pioneer*, 507 U.S. at 392 ("[I]nadvertence … do[es] not usually constitute excusable neglect"); *Lopez v. Cantex Health Care Centers II, LLC*, No. 23-2038, 2023 WL 7321637, at *3 (10th Cir. Nov. 7, 2023) (affirming order denying motion for extension, explaining that mis-calendaring of deadline does not establish excusable neglect); *Abraham v. Mercedes-Benz USA, LLC*, No. 24-2354-DDC-TJJ, 2025 WL 55318, at *3 (D. Kan. Jan. 9, 2025) (denying motion to file late response, noting plaintiff's "mistake was entirely within his control.") Here, Plaintiffs' counsel misconstrued the Order by misunderstanding a key provision: the start date for the class. The decision on which Plaintiffs rely explains that "courts are less forgiving when missed deadlines occur because of poor lawyering, e.g., where counsel misconstrues or misinterprets the rules or law..."[8] *See Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-CV-2591-KHV, 2010 WL 1881058, at *2-4 (D. Kan. May 10, 2010) (allowing motion to file late answer).

---

[8] Plaintiffs' counsel are good lawyers. Even good lawyers can lawyer poorly on occasion. Signature takes no pleasure in the necessity of identifying this as such an occasion. And while Plaintiffs' error does not rise to the level of bad faith, a finding of bad faith is not prerequisite to this Court's denial of Plaintiffs' untimely request for reconsideration. *Abraham*, 2025 WL 55318, at *3 (denying motion to file late response even though plaintiff did not act in bad faith).

Plaintiffs' conduct since the Order further supports denial because Plaintiffs' position about *why* the Court should reconsider has changed. Plaintiffs first relied on "clear error" or "manifest injustice," citing *American Pipe*. (Doc. 255 at 2.) Plaintiffs now abandon that argument, arguing instead that the *American Pipe* "scenario is wholly distinct from the circumstances before this Court." (Doc. 260 at 5.) This change in position compounds Plaintiffs' neglect in filing the late motion: Plaintiffs did not merely miss the Court's express temporal definition through inadvertence, Plaintiffs also incorrectly represented to the Court that *American Pipe* binds the Court, thus misconstruing the law. In sum, the third and most important factor is in Signature's favor and against permitting late reconsideration. Plaintiffs have not met their burden.

**B.    Plaintiffs Also Have Not Established any Basis for Reconsideration Pursuant to Local Rule 7.3**

Plaintiffs also cannot meet their burden to prove a need for reconsideration pursuant to Local Rule 7.3. *See* D. Kan. R. 7.3 (party moving for reconsideration must establish "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."); *Cotracom Commodity Trading Co.*, 193 F.R.D. at 697, 701 (denying motion for reconsideration); *see also Team Logistics, Inc. v. OrderPro Logistics, Inc.*, No. CV 04-2061-JWL-DJW, 2005 WL 8160861, at *2 (D. Kan. July 26, 2005) (explaining that "[i]mproper use of motions to reconsider can waste judicial resources and obstruct the efficient administration of justice"). "It is within the sound discretion of the Court to grant or deny a motion for reconsideration." *Cotracom Commodity Trading Co.,* 193 F.R.D. at 697 (citing *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir. 1988)).

Local Rule 7.3 "embodies" the "desire to avoid upsetting the law of the case." *Zapata v. IBP, Inc.*, 175 F.R.D. 578, 581 (D. Kan. 1997) (denying renewed motion for class certification, noting no "grounds for reconsideration exist"); *see also Entek GRB, LLC v. Stull Ranches, LLC,*

9

840 F.3d 1239, 1240 (10th Cir. 2016) (explaining "[l]aw of the case doctrine permits a court to decline the invitation to reconsider issues already resolved earlier in the life of a litigation"). The *Zapata* court explained that Rule 7.3 is consistent with the concept that "courts should not condone a series of rearguments on the class issues . . . in the guise of motions to reconsider the class ruling." *Zapata*, F.R.D. at 580 n.2 (quoting 2 *Newberg on Class Actions* § 7.47, at 7–146 (1985)).

Plaintiffs' Supplemental Brief does not assert which of the three justifications for a motion to reconsider they rely upon. (Doc. 260.) Plaintiffs have not established that "clear error" or "manifest injustice" require reconsideration.[9] As this Court has already recognized, the governing tolling question is not clear. (Doc. 256 at 2.) Local Rule 7.3 requires more than alternative interpretations of the law. This alone defeats reconsideration.

## II.      Even if the Court Reaches the Merits, Missouri Law Does Not Clearly Require Expanding the Class Period

Even if the Court reaches the tolling question, Plaintiffs are not entitled to relief because Missouri law does not clearly require the complaint-date trigger Plaintiffs seek. That is all Signature must show to defeat reconsideration. In fact, Plaintiffs did not seek appeal of any claimed error.[10] Plaintiffs bear the burden to establish a basis for any type of tolling they seek and fail to satisfy their burden here. *See Trice v. Butler Cnty. Jail Adm'r*, No. 1:22-CV-00086-DDN, 2022 WL 2915565, at *7 (E.D. Mo. July 25, 2022) (explaining petitioner has burden of establishing tolling is warranted); *see also Carbajal v. McCann*, 808 F. App'x 620, 634 (10th Cir. 2020) (plaintiff has "burden of establishing a factual basis for tolling the statute.") (quotation omitted).

---

[9] There has been no intervening change in controlling law and Plaintiffs do not suggest that there has been. Plaintiffs do not argue that there is new evidence available that would warrant the Court's reconsideration.

[10] If the Court erred, the parties will have the opportunity to address any such error during what is almost certainly to be a post-judgment appeal, whichever side wins.

Plaintiffs also have not established a need to prevent "manifest injustice." Current and former employees who would be included in any expanded class were given notice of this litigation and the opportunity to participate in it. They were notified that they could file a separate lawsuit. Plaintiffs have not established that exclusion from a contested lawsuit would create a manifest injustice, especially when the individuals who are excluded were notified of the opportunity to pursue their claims. There is no basis for reconsideration.

### A.    *Missouri* State Law Determines Tolling Principles

Federal courts adjudicating state law claims must apply the tolling principles of the relevant state. *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1228 (10th Cir. 2008) (reviewing Colorado state law to determine whether *American Pipe* tolling applied to pending Colorado insurance benefits class action, explaining: "[W]e must follow [the state's] tolling rules, as they are an integral part of the several policies served by the statute of limitations."); *see also Blanton v. United Healthcare Servs., Inc.*, No. 24-CV-484-SMD-JMR, 2025 WL 2636381, at *13 (D.N.M. Sept. 12, 2025) (explaining in purported Rule 23 New Mexico Minimum Wage Act (NMMWA) class action that "state law governs the application of equitable tolling doctrines to the statute of limitations," and concluding that "New Mexico courts would find that *American Pipe* tolling would apply to NMMWA claims"), *defendant's motion to certify interlocutory appeal on other grounds pending at Doc. 51 as of July 6, 2026*; *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 349 F. Supp. 3d 881, 920 (N.D. Cal. 2018) ("*American Pipe*'s application turns on whether the relevant state courts—here the highest state courts of Arizona and Oregon—would apply the rule."); *Thornton v. DaVita Healthcare Partners, Inc.*, No. 13-CV-00573-RBJ-KMT, 2016 WL 7324094, at *4 (D. Colo. Dec. 13, 2016) (reviewing Arizona state law to determine whether Arizona would recognize class action tolling of products liability claim).

That principle helps Signature, not Plaintiffs. *State Farm* does not hold that *American Pipe* automatically governs every state-law class claim pending in federal court. 540 F.3d at 1228. It identifies the proper framework: the Court must look to Missouri tolling law and predict how Missouri's highest court would resolve the issue. *Id.* The Court recognized this as well. (Doc. 256 at 2.)

> **B.** **Statutes of Limitations are "Favored" By Missouri Law and Tolling May Not Be Expanded by Courts**

Missouri limitations periods are "intended to prevent stale claims and are favored in the law." *Hasenyager v. Bd. of Police Comm'rs of Kansas City*, 606 S.W.2d 468, 472 (Mo. Ct. App. 1980) (affirming order barring purported class overtime claim pursuant to Missouri state law); *see also Doe v. Roman Cath. Diocese of Jefferson City*, 862 S.W.2d 338, 341 (Mo. 1993) ("This Court has held that once the original statute of limitation expires and bars the plaintiff's action, the defendant has acquired a vested right to be free from suit, a right that is substantive in nature").

The Supreme Court of Missouri has explained that a Missouri "statute of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the *legislature* and the courts are not empowered to extend those exceptions." *Rolwing v. Nestle Holdings, Inc.*, 437 S.W.3d 180, 184 (Mo. 2014) (en banc) (internal quotation omitted) (emphasis added); *see also Wilkinson v. Bennett Const. Co.*, 442 S.W.2d 166, 169 (Mo. App. 1969) ("[C]ourts cannot extend [limitations] exceptions so as to embrace cases not within the specific exceptions enumerated in the statute itself") (quoting *Hoester v. Sammelmann,* 101 Mo. 619 (1890)).

The *Rolwing* court explained that beyond statutory tolling provisions, "the only equitable tolling exceptions recognized by our Missouri courts are essentially where either pending litigation elsewhere has prevented the plaintiff from bringing suit earlier, or where the defendant himself has prevented the plaintiff from timely bringing suit," *i.e.* where obstacles *prevent* a plaintiff from

12

timely filing. *Rolwing*, 437 S.W.3d at 180 (citing *Adams v. Division of Employment Security*, 353 S.W.3d 668, 673 (Mo. App. 2011)); *see also Ambers-Phillips v. SSM DePaul Health Ctr.*, 459 S.W.3d 901, 906 (Mo. 2015) (en banc) (affirming dismissal of patient's medical malpractice claims with prejudice, noting "it is up to the legislature to determine whether to adopt a discovery rule or equitable tolling in a particular case") (citing *Ross v. Kansas City Gen. Hosp. & Med. Ctr.*, 608 S.W.2d 397, 401 (Mo. 1980)); *Hasenyager*, 606 S.W.2d at 472 (explaining limitations period applies "absent either a formal agreement that it be tolled … or fraudulent concealment"). Plaintiffs' belated overreach to expand the statutory recovery period meets neither exception.

### C.    MMWL Does Not Provide for or Require Class Tolling

As a threshold issue, there is no Missouri statute authorizing class-action tolling for MMWL claims. To the contrary, the MMWL contains its own express limitations period with no class-action tolling provision. MO. REV. STAT. §290.527 ("All actions for the collection of any deficiency in wages shall be commenced within three years of the accrual of the cause of action."). The accrual is determined by each paycheck. And while Missouri has a state rule similar to Rule 23, it does not address tolling. Mo. Sup. Ct. R. 52.08.

Plaintiffs acknowledge that Missouri "statute[s] of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature and the courts are not empowered to extend those exceptions." (Doc. 260 at 14, quoting *Rolwing,* 437 S.W.3d at 184). Plaintiffs' tolling theory rests on the fiction that absent class members are treated as parties from the moment a Missouri putative class action is filed and thus are "prevented" from filing a separate suit. (Doc. 260 at 13–14, arguing without any legal support that "Of course, an individual member of a pending putative class action lawsuit would fall under the 'pending litigation' qualification.") Plaintiffs are incorrect. First, *putative* class members are not parties before class certification.

13

*Smith v. Bayer Corp.*, 564 U.S. 299, 318, 131 S. Ct. 2368, 2382 (2011) (reversing injunction explaining "mere proposal of a class in the federal action could not bind persons who were not parties there"); *see also Fox v. Saginaw Cnty., Michigan*, 67 F.4th 284, 296 (6th Cir. 2023) (explaining putative "class members are not parties before class certification").

Plaintiffs have not cited any authority to support their assertion that individuals were "prevented" from filing individual actions at any point before class certification. To the contrary, the Court-approved FLSA notice expressly told recipients they were free to retain their own counsel and file their own lawsuits. (Doc. 71-1 at 2: "If you choose not to join in this lawsuit, you are free to obtain your own counsel and file your own lawsuit.") Indeed, at least one putative MMWL class member did exactly that: Cresencio Mendez filed an individual action against Signature Landscape under the FLSA, KWPA, and MMWL during the pendency of this class case before voluntarily dismissing to join this case. *See Mendez v. Signature Landscape, LLC*, Case No. 2:24-cv-0283, Doc. 1 (D. Kan. Aug. 23, 2024) (Complaint).

Plaintiffs rely on just two decisions to support their argument that the MMWL class claim was tolled pursuant to Missouri law alone, regardless of application of *American Pipe*. (Doc. 260 at 16–18, citing *City of Columbia v. Spectra Communications Group, LLC*, 652 S.W.3d 356, 365 (Mo. Ct. App. E.D. 2022) and *Speer v. Cerner Corp.*, No. 14-0204-CV-W-FJG, 2016 WL 5444648, at *9 (W.D. Mo. Sept. 27, 2016).) *City of Columbia* does not establish clear error. First, unlike here, *City of Columbia* did not involve cross-jurisdictional tolling: the two actions at issue in *City of Columbia* were both filed in Missouri state court. *City of Columbia*, 652 S.W.3d at 358, 360. There, a class action was filed in Missouri state court by Missouri municipalities against a defendant telephone company for alleged violations of license tax ordinances. *Id*. at 360. Two of the cities requested exclusion from the class action and filed their own separate suit. *Id.* The trial

court rejected defendant's argument that the claims were barred by the limitations period, agreeing that the cities' claims were tolled during the first case, and the Missouri Court of Appeals affirmed. *Id*. at 365. The Court of Appeals held that putative membership in the earlier Missouri class action lawsuit tolled the statute of limitations, quoting *Rolwing*'s holding that "[t]he only recognized equitable tolling principles apply when the plaintiff was prevented from timely filing suit by . . . other pending litigation." *Id.* at 365 (quoting *Rolwing*, 437 S.W.3d at 184). As the *City of Columbia* court pointed out, *Rolwing* "dealt with a pending class action lawsuit in a different jurisdiction, *which is not a basis for tolling under Missouri law*." *Id.* at 365 (emphasis added).

A different court has also recognized that "Missouri law does not recognize cross-jurisdictional class action tolling." *Lewis v. Pella Corp.*, No. 2:14-CV-00549-DCN, 2014 WL 7264893, at *5, 6 (D.S.C. Dec. 18, 2014). In *Lewis*, the plaintiff filed a state law defective products class action in Missouri federal court based on diversity of citizenship, asserting a violation of the Missouri Merchandising Practices Act ("MMPA") among other claims. *Id*. at *1. In response to the defendant's motion to dismiss, the plaintiff argued the filing of a previous class action in federal court in the Northern District of Illinois had tolled the limitations periods for his claims. *Id.* at *4. The court rejected that argument, explaining "it is well-settled under Missouri law that statutes of limitations are favored and can be avoided only by strictly complying with specific legislative exceptions, which courts cannot extend." *Id*. at *3 (citing *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 919 n. 5 (8th Cir. 2008)). The court determined that the filing of the earlier class action in federal court did not trigger either of the tolling reasons described in *Rolwing*, and therefore did not toll the statute of limitations under Missouri law. *Id.* at *5–*6.

In short, *City of Columbia* is not binding because, unlike here, that case did not involve cross-jurisdictional tolling. *City of Columbia*, 652 S.W.3d at 360. *City of Columbia* addressed

Missouri proceedings, not a Kansas federal action applying Missouri substantive law. *Id.* Even if Missouri would recognize some form of intra-state class-action tolling—which Signature disputes—this case presents a cross-jurisdictional scenario: a federal court in Kansas adjudicating a Missouri state-law claim. Under *Rolwing*, Missouri does not recognize tolling based on proceedings in a different jurisdiction. 437 S.W.3d at 184. This cross-jurisdictional nature independently forecloses Plaintiffs' tolling argument.[11]

*City of Columbia* is also distinguishable because the plaintiffs were "prevented" from filing an action during an earlier suit and thus they fit within Missouri's limited tolling principles discussed in *Rolwing*. 652 S.W.3d at 365; *Respondent's Brief*, No. ED109769, 2022 WL 1016256, at *65 (Mo. Ct. App. E.D. Mar. 25, 2022) ("[U]nlike *Rolwing*, at CenturyLink's request, the Cities were enjoined from suing CenturyLink"). Here, in contrast, nothing prevented putative Rule 23 class members from filing an individual MMWL claim before this Court granted class certification. *Smith*, 564 U.S. at 318. Finally, the discussion in *City of Columbia* is dicta—the court addressed tolling only because it "likely will come up again on remand." 652 S.W.3d at 365.

*Speer*, an unpublished district court decision, is not persuasive. The *Speer* court did not rely on *any* legal authority for the key statement upon which Plaintiffs rely: "putative class members' claims were legally tolled by the filing of the class action complaint." *Speer v. Cerner Corp.*, No. 14-02040-CV-W-FJG, 2016 WL 5444648, at *9 (W.D. Mo. Sep. 27, 2016) (granting certification of Rule 23 MMWL class). Instead, it pointed only to plaintiffs' reply brief in which plaintiffs' *sole argument* as to legal tolling relied on the word "commenced" in the MMWL. *See*

---

[11] Plaintiffs agree that decisions in cases subsequent to an initial class action inform this Court about the "relevant threshold question" of "whether the claims of putative class members are tolled during the pendency of the [initial] class action." (Doc. 260 at 5–6.) *City of Columbia* instructs that Missouri class claims were not tolled simply by the filing of this initial cross jurisdictional case.

*id.*; *Plaintiffs' Reply Suggestions in Support of Plaintiffs' Motion for Rule 23 Class Certification*, No. 14-0204-CV-W-FJG, at Doc. 172 (filed April 22, 2016) ("Plaintiffs' and putative class members' claims in this lawsuit were commenced and, therefore, legally tolled upon the filing of the Complaint."). The *Speer* court appears to have followed plaintiffs' unsupported leap that the filing of a purported class complaint "commences" the suit for absent class members. That is only the law, however, if *American Pipe* or some other basis for class tolling applies. It does not.

**D.    The Missouri Supreme Court Has Rejected *American Pipe* Tolling of a Missouri Claim**

This Court need not predict what the Missouri Supreme Court would do with respect to *American Pipe* because that court rejected *American Pipe* for a Missouri state law claim, explaining the doctrine "involved the tolling of *individual federal actions* while a *federal class action* was pending" while the case before it "involve[d] two independent state class actions." *Rolwing v. Nestle Holdings, Inc.*, 437 S.W.3d 180, 184 (Mo. 2014) (en banc) (emphasis added).

In *American Pipe*, the Supreme Court held that filing a putative class action pursuant to Federal Rule of Civil Procedure 23 tolled the limitations periods for members of a putative class who later sought to intervene in the lawsuit after the denial of class certification. 414 U.S. at 540-41. The *American Pipe* opinion explained that a contrary ruling (*i.e.,* that commencement of the action did *not* toll absent class members' claims) "would frustrate the principal function of a class suit, because then the sole means by which members of the class could assure their participation in the judgment if notice of the class suit did not reach them until after the running of the limitation period would be to file earlier individual motions to join or intervene as parties—precisely the multiplicity of activity which Rule 23 was designed to avoid." *Id.* at 551 (quoting Fed. R. Civ. P. 23). Later, in *Crown, Cork & Seal Co. v. Parker*, the Supreme Court extended this tolling principle to encompass members of the putative class who filed individual lawsuits after a court denied class

17

certification (as opposed to seeking to intervene). 462 U.S. 345 (1983). In both cases, the Supreme Court reasoned that, without tolling, a needless "multiplicity of activity" would occur as putative class members filed their own separate, protective suits or motions to intervene or to preserve their individual claims, thus undermining Rule 23's goal of efficiency. *Am. Pipe & Const. Co.*, 414 U.S. at 551; [12] *see also Crown, Cork & Seal Co.*, 462 U.S. at 351 (discussing "multiplicity of actions"). The issue was raised in these cases because Rule 23 of the Federal Rules of Civil Procedure does not address the timeliness of Rule 23 claims or tolling of Rule 23 claims. *See* Fed. R. Civ. P. 23; *China Agritech, Inc. v. Resh*, 584 U.S. 732, 734 (2018).

In *Rolwing*, the Supreme Court of Missouri affirmed the dismissal of a class shareholder claim pursuant to Missouri state law in *Missouri state court* because the claim was barred by the applicable statute of limitations, holding that an earlier pending class action against defendant in *Ohio state court* did not toll the limitations period. 437 S.W.3d at 184. The court explained that "[n]one of the concerns regarding preservation of the purpose of class actions is present," as a result of which "*American Pipe* does not support Rolwing's tolling argument." *Id.*. In other words, *American Pipe*'s goal of promoting judicial efficiency by preventing a flood of duplicate lawsuits in the *same* court was not jeopardized by the court's refusal to allow a state action in a different state to toll the limitations period. The *Rolwing* court explained that its holding was required by Missouri's unique prohibition on judicially-created tolling. *Id.*

The Eighth Circuit Court of Appeals subsequently rejected *American Pipe* tolling for a Missouri state-law claim because the Missouri Legislature has not recognized class-action tolling.

---

[12] The Court should ignore Plaintiffs' discussion of *The Harrisburg*, 119 U.S. 199 (1886). In its discussion of *The Harrisburg*, the Supreme Court did not in any way "recognize[]," in *American Pipe*, did "that federal courts may also toll class claims brought under state law." (Plaintiffs' Supplemental Brief, Doc. 260 at 8.)

*Thomas v. U.S. Bank N.A.*, 789 F.3d 900, 902–03 (8th Cir. 2015) (affirming dismissal of putative Missouri Second Mortgage Loan Act class claim based on statute of limitations).[13] The Eighth Circuit rejected plaintiffs' "attempt to avoid the *Rolwing* holding," arguing it is "dicta" or only applicable "where the other class action was brought in a different forum," explaining "[t]he Missouri Supreme Court has not so limited the *Rolwing* decision." *Id.* (citing *Rolwing*, 437 S.W.3d at 184). Plaintiffs attempt to distinguish *Thomas* because "*Thomas* never addressed equitable tolling, observing the plaintiffs had never raised this argument." (Doc. 260 at 14.) To the contrary, *Thomas* stated: "The borrowers do not argue that the Missouri legislature has permitted equitable tolling to class actions." 789 F.3d at 903. The *Thomas* opinion may be fairly read as pointing out the plaintiffs' failure to rely on legislatively-created tolling, as required.[14]

Neither *City of Columbia*, 652 S.W.3d 356, nor *Hyatt Corp. v. Occidental Fire & Cas. Co. of N.C.*, 801 S.W.2d 382, 389 (Mo. Ct. App. W.D. 1990), alters this analysis. First, both are intermediate-appellate opinions that must yield to *Rolwing*. *City of Columbia* is distinguishable. *See supra* Section II.C. *Hyatt*'s entire tolling discussion consists of two sentences with *no* analysis of Missouri tolling law and *no* citation to Missouri authority. 801 S.W.2d at 389.[15] As another federal court noted, "the cases cited by *Hyatt* are all federal cases; therefore, it is not clear that the court considered class action tolling under Missouri law," as required. *Lewis*, 2014 WL 7264893,

---

[13] As Plaintiffs acknowledge (Doc. 260 at 15), *Bray* recognized that *Rowling* "suggested that Missouri does not follow the *American Pipe* rule." *Bray v. Simon & Schuster, Inc.*, No. 4:14-CV-00258-NKL, 2014 WL 2893202, at *3 (W.D. Mo. June 25, 2014).

[14] Plaintiffs are also wrong that *CalPERS* "clarified that *American Pipe* was based on equitable tolling *that could be applied to state law claims*." (Doc. 260 at 14–15, emphasis added.) *CalPERS* did not address state law claims in any way. *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 508 (2017).

[15] The Court should reject Plaintiffs' reliance on *May v. AC & S, Inc.*, 812 F. Supp. 934, 939 (E.D. Mo. 1993) for the same reason. In addition, *May* involved two class actions pending in two federal courts and was decided long before *Rolwing*. 812 F. Supp. at 939.

at *5. More importantly, *Hyatt* predates and cannot be reconciled with the Missouri Supreme Court's later decisions in *Rolwing* and *Ambers-Phillips* prohibiting judicial creation of tolling.

Finally, the Court should reject Plaintiffs' strained extrapolation of the Tenth Circuit's analysis in *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1228 (10th Cir. 2008) (Plaintiffs' Supplemental Brief, Doc. 260 at 18–20.) As the Court has already acknowledged (Doc. 256 at 2), it must look to the applicable state law, Missouri. When the Tenth Circuit examined Colorado law, it found that Colorado courts had *affirmatively adopted American Pipe* tolling as a matter of state law. *Id.* (citing *Kuhn v. Colo. Dep't of Rev.*, 897 P.2d 792, 795 (Colo. 1995)). Missouri law, in contrast, does not clearly require complaint-date tolling in this Kansas federal action asserting Missouri wage claims.

## CONCLUSION

Plaintiffs missed the reconsideration deadline and their own explanation confirms the error was within counsel's control. Even if the Court reaches the merits, Plaintiffs have not shown that Missouri law clearly requires replacing the narrower class period already set forth in the April 28 Order. The Court should therefore leave that temporal scope in place.

DATED: July 7, 2026                    Respectfully submitted,

                                       /s/ *Michael L. Blumenthal*
                                       Michael L. Blumenthal, KS Bar #18582
                                       Daniel O. Ramón, KS Bar #78699
                                       SEYFERTH BLUMENTHAL & HARRIS LLC
                                       4801 Main Street, Suite 310
                                       Kansas City, MO 64112
                                       Telephone: (816) 756-0700
                                       Facsimile: (816) 756-3700
                                       Email: mike@sbhlaw.com
                                       danny@sbhlaw.com

Brett C. Bartlett (admitted pro hac vice)
Alex W. Simon (admitted pro hac vice)
Natalie A. Costero (admitted pro hac vice)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E. Suite 2500
Atlanta, GA 30309
Telephone: 404-888-1875
Facsimile: 404-724-1575
Email: bbartlett@seyfarth.com
asimon@seyfarth.com
ncostero@seyfarth.com

Dana C. Lumsden (admitted pro hac vice)
SEYFARTH SHAW, LLP
300 S Tryon St #400
Charlotte, NC 28202
Telephone: (704) 925-6060
Email: dlumsden@seyfarth.com

Hillary J. Massey (admitted pro hac vice)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone: (617) 946-4800
Email: hmassey@seyfarth.com

Attorneys for Defendant
Signature Landscape, LLC

21

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on July 7, 2026, a true and correct copy of the above and foregoing was sent via this Court's CM/ECF policies, procedures, and standing orders to:

Brendan J. Donelon, KS 17420
**Donelon, P.C.**
4600 Madison, Ste. 810
Kansas City, Missouri 64112
Tel: (816) 221-7100
Fax: (816) 709-1044
brendan@donelonpc.com

Ashley Atwell-Soler, KS 24047
**Holman Schiavone, LLC.**
4600 Madison Ave, Ste. 810
Kansas City, Missouri 64112
Tel: (816) 447-3006
Fax: (816) 283-8739

/s/ *Michael L. Blumenthal*
Michael L. Blumenthal
Attorney for Defendant